ROCK ISLAND SASH & DOOR WORKS, PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7258.   Promulgated September 28, 1928.

*Charles W. Briggs, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

636

OPINION.

LANSDON: The sole question to be decided in this case is whether, in addition to the deduction of salaries which has been allowed by the respondent, the taxpayer is entitled to deduct from income an amount of $8,000 additional salary for the preceding year which was determined during the taxable year to be due to the general manager of the affiliated companies.

Petitioner claims the right to the deduction under the provisions of the Revenue Act of 1918 reading as follows:

SEC. 234 (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity.

The facts are undisputed. In the middle of the taxable year after oral discussions which had begun in the previous year, the salary of the general manager was advanced by appropriate though informal action of the directors to $20,000. The deduction of this amount has been allowed by the respondent in the taxable year. Cf. *Reub Isaacs & Co.*, 1 B. T. A. 45. In addition, in recognition of the fact that he had performed signal service in a dual capacity during 1919, a payment of $8,000 to the same party was authorized as and for salary for the year 1919. Respondent disallowed this latter payment as a deduction from petitioner's income in 1920.

Petitioner contends that even though the payment of the $8,000 was for services in 1919, it is deductible in 1920, since it was actually incurred in 1920, and furthermore, the deduction of salaries claimed for 1920 is " reasonable." In support of the contention that the deduction claimed is reasonable, petitioner relies upon the opinions of the recipient of the salary and of another who was president of petitioner in the taxable year, and also upon financial statistics of the operations during the taxable year, including the gross receipts, net profits, and aggregate amount of salaries of officers deducted in the return.

Entirely regardless of the motives that prompted the action of the petitioner in this proceeding, the amount of $8,000 was a liability for personal services incurred and paid in the taxable year. In our opinion, the facts we have found sustain the petitioner's contention that such amount was no more than reasonable compensation for the services rendered by Esplin in the taxable year. The petitioner is entitled to deduct the amount of $28,000 from its gross income in the

taxable year as ordinary and necessary business expense. *C. H. Simonds Co.*, 1 B. T. A. 105; *Van de Kamps Holland Dutch Bakers*, 2 B. T. A. 1247; *Lihue Plantation Co., Ltd.*, 2 B. T. A. 740; *Commercial Electrical Supply Co.*, 8 B. T. A. 986; *Vaughan & Barnes, Inc.*, 6 B. T. A. 1279.

*Decision will be entered for the petitioner.*